IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OLD COUNTRY STORE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:21-cv-1128-STA-jay |
| ) | |
| AUTO-OWNER INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON SHOW CAUSE RESPONSE**

On September 8, 2021, Plaintiff filed a Complaint (ECF No. 1) against Defendant.[1] On September 13, 2021, Plaintiff filed a notice of correction for its pleading and caused summons to issue the following day. When no other docket activity occurred in the case after that time, the Court entered a show cause order on December 13, 2021, directing Plaintiff to show why the Court should not dismiss its case for failure to serve Defendant Auto-Owner Insurance Company within the time allowed under Federal Rule of Civil Procedure 4(m). Before the Court is Plaintiff Old Country Store, Inc.'s response (ECF No. 11) to the show cause order.

In its response to the order, Plaintiff has shown that counsel mailed a copy of the pleadings, the summons, and a check for the statutory service fee of $15.00 to the Tennessee Commissioner of Insurance on September 21, 2021. Counsel for Plaintiff has not indicated whether counsel contacted the Commissioner about service of process or taken other steps to

---

[1] On September 10, 2021, Senior United States District Judge J. Daniel Breen entered an order of recusal and reassigned this case to the undersigned for all further proceedings.

1

follow up on the matter since that time. Plaintiff requests the opportunity to have process re-issued and to serve Defendant once more through the Commissioner of Insurance.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In this case more than 90 days have passed since the filing of Plaintiff's Complaint. However, Plaintiff has shown that it mailed process to the Commissioner of Insurance within the 90-day period for service of process. Tenn. Code Ann. § 56–2–501 *et seq*. sets out the procedures for service of process on insurance companies, including a foreign insurance company like Defendant, that is, an insurance company organized under the laws of a state other than Tennessee. *See* Tenn. Code Ann. § 56–2–502(3).[2]

For purposes of service of process, a foreign insurance company doing business in the state of Tennessee must appoint the Tennessee Commissioner of Insurance as its attorney. § 56–2–503. A plaintiff may serve process on the Commissioner who then forwards the summons and complaint to the company by registered mail. § 56–2–504(b); *see also Walker v. Nationwide Ins. Co.*, 813 S.W.2d 135, 139 (Tenn. Ct. App. 1990) (noting that Tenn. Code Ann. § 56–2–504(b) "was not by its own terms, however, intended to be an exclusive means of service of process on a foreign insurance corporation"). Tenn. Code Ann. § 56–2– 506(c) specifies that the

---

[2] Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations and allows for service by any of the means permitted under Rule 4(e)(1) for service on individuals within a judicial district of the United States. See Fed. R. Civ. P. 4(h)(1) (cross-referencing Fed. R. Civ. P. 4(e)(1) and its provisions for serving an individual within the United States). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). In this District, that means a plaintiff may serve a defendant by following Tennessee law for service of process.

Commissioner must forward process to the insurance company within ten (10) days of receiving the process and then file an affidavit of compliance with the clerk of court where the action is pending "on or before the return date of the process or within any further time that the court allows." § 56–2–506(c).³

Plaintiff's September 2021 mailing to the Commissioner arguably satisfies the requirements for service under Tennessee law, though Plaintiff has not shown whether the Commissioner actually received the mailing. For example, counsel has not stated whether he contacted the Commissioner about his filing or whether the Commissioner has negotiated the check for the service fee. For his part the Commissioner has not filed an affidavit of compliance with the Court as required by Tennessee law. In any event, Plaintiff now requests more time to make another attempt at service on the Commissioner. Plaintiff's request is granted. The Court will give Plaintiff 30 days from the entry of this order to have summons re-issued by the Clerk of Court and then to either serve Defendant through the Commissioner or serve Defendant by any other means authorized by law. Failure to provide proof of completed service within that time may result in the dismissal of Plaintiff's case for failure to comply with Rule 4(m) and for failure to prosecute its claim.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 11, 2022

---

³ Once the Commissioner has forwarded process to the insurance company, Tenn. Code Ann. § 56–2–504(b) requires the Commissioner to file an affidavit with the court where the action is pending, stating that the Commissioner has complied with the statutory procedures for service of process. No such affidavit has been filed in this case.

3