IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **OLD COUNTRY STORE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 1:21-cv-1128-STA-jay |
| ) | |
| **AUTO-OWNER INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER DIRECTING COMMISSIONER TO COMPLY**

Before the Court is Plaintiff Old Country Store, Inc.'s show cause response (ECF No. 19) filed on February 23, 2022.  The Court had previously ordered Plaintiff to show cause as to why the Court should not dismiss its Complaint for failure to serve Defendant Auto-Owner Insurance Co. within 90 days, as required by Federal Rule of Civil Procedure 4(m).

Tenn. Code Ann. § 56–2–501 *et seq*. sets out the procedures for service of process on insurance companies, including a foreign insurance company like Defendant, that is, an insurance company organized under the laws of a state other than Tennessee.  *See* Tenn. Code Ann. § 56–2–502(3).[1]  For purposes of service of process, a foreign insurance company doing business in the state of Tennessee must appoint the Tennessee Commissioner of Insurance as its

---

[1] Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations and allows for service by any of the means permitted under Rule 4(e)(1) for service on individuals within a judicial district of the United States.  *See* Fed. R. Civ. P. 4(h)(1) (cross-referencing Fed. R. Civ. P. 4(e)(1) and its provisions for serving an individual within the United States).  Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1).  In this District, that means a plaintiff may serve a defendant by following Tennessee law for service of process.

1

attorney. § 56–2–503. A plaintiff may serve process on the Commissioner who then forwards the summons and complaint to the company by registered mail. § 56–2–504(b); *see also Walker v. Nationwide Ins. Co.*, 813 S.W.2d 135, 139 (Tenn. Ct. App. 1990) (noting that Tenn. Code Ann. § 56–2–504(b) "was not by its own terms, however, intended to be an exclusive means of service of process on a foreign insurance corporation"). Once the Commissioner has forwarded process to the insurance company, Tenn. Code Ann. § 56–2–504(b) requires the Commissioner to file an affidavit with the court where the action is pending, stating that the Commissioner has complied with the statutory procedures for service of process. *Id*. Tenn. Code Ann. § 56–2–506(c) specifies that the Commissioner must forward process to the insurance company within ten (10) days of receiving the process and file an affidavit of compliance with the clerk of court where the action is pending "on or before the return date of the process or within any further time that the court allows." § 56–2–506(c).

In a series of filings with the Court, Plaintiff has shown that counsel sent the appropriate service and summons documents along with the $15.00 service fee required by the State of Tennessee under a cover letter to the Tennessee Department of Commerce and Insurance on January 27, 2022. The Commissioner deposited counsel's check for the service fee a few days later.[2] As far as the Court can tell, Plaintiff complied with the requirements of Tenn. Code Ann. § 56–2–504(b) almost two months ago. However, the Commissioner has not filed an affidavit of

---

[2] In an earlier show cause response, counsel for Plaintiff indicated that he had mailed a copy of the Complaint and the summons to the Commissioner in September 2021, shortly after Plaintiff filed suit. There is no evidence to show whether the Commissioner ever received Plaintiff's mailing. The Commissioner did not file an affidavit of service and did not negotiate counsel's $15 check for the statutory service fee. In response to the Court's first show cause order, counsel for Plaintiff caused summons to re-issue and mailed the Complaint and re-issued summons to the Commissioner in January 2022.

2

compliance with the Clerk of Court, and Defendant has not entered an appearance in the case or filed a responsive pleading. Without the Commissioner's affidavit, the Court has no way to determine whether Defendant was actually served in a manner that comports with due process.

Therefore, the Commissioner is ordered to comply with the statutory requirements of Tenn. Code Ann. § 56–2–504(b) and § 56–2–506(c) by filing an affidavit of compliance, or in the alternative, to show cause as to why he has not and cannot comply.  The Commissioner's affidavit and/or response is due within 14 days of the service of this order.  The Clerk of Court is directed to send a copy of this order to the Commissioner by means of certified mail, return receipt requested to following address:

>Tennessee Department of Commerce & Insurance
>Attn: Commissioner Carter Lawrence
>500 James Robertson Pkwy.
>Nashville, TN 37243-0565

**IT IS SO ORDERED**.

>**s/ S. Thomas Anderson**
>S. THOMAS ANDERSON
>CHIEF UNITED STATES DISTRICT JUDGE
>
>Date: March 24, 2022